JORDAN ETH (CA SBN 121617)
JEth@mofo.com
CHRISTIN HILL (CA SBN 247522)
CHill@mofo.com
MICHAEL KOMOROWSKI (CA SBN 323517)
MKomorowski@mofo.com
CHRISTINA E. DIEROLF (CA SBN 335258)
CDierolf@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANNY DO,<br><br>Plaintiffs,<br><br>v.<br><br>SHAWN K. SINGH, et al.,<br><br>Defendants. | Case No. 4:26-cv-02656-JST<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO STAY DERIVATIVE ACTION** |

**STIPULATION**

Plaintiff Danny Do ("Plaintiff"), derivatively on behalf of nominal defendant Vistagen Therapeutics, Inc. ("Vistagen" or the "Company"), and defendants Shawn K. Singh, Jon S. Saxe, Margaret M. Fitzpatrick, Ann M. Cunningham, Mary L. Rottuno, Joanne Curley, Paul Edick, Jerry B. Gin, and Joshua Prince (the "Individual Defendants" and, together with Vistagen, "Defendants") stipulate and request that the Court enter an Order staying the above-captioned derivative action (the "Derivative Action").

WHEREAS, on March 26, 2026, Plaintiff Do filed a shareholder derivative action on behalf of Vistagen against the Individual Defendants in this Court;

WHEREAS, also pending in the United States District Court for the Northern District of California is a putative securities class action captioned *Eller v. Vistagen Therapeutics, Inc. et al.*, Case No. 3:26-cv-00427-RS (the "Securities Class Action");

WHEREAS, the parties agree that there is substantial overlap between the facts and circumstances alleged in the Derivative Action and the Securities Class Action, including the relevance of many of the same documents and witnesses;

WHEREAS, the parties further agree that the relief requested in the Derivative Action may be affected by the outcome of the Securities Class Action, and the outcome of the Securities Class Action may inform the manner in which this case proceeds;

WHEREAS, the parties have conferred and agree that it would serve the interests of justice, efficiency, and judicial economy to temporarily stay the Derivative Action pending the final resolution of any motion(s) to dismiss the Securities Class Action, including the final and full resolution of any appeals taken from any order(s) related to such motion(s) in the Securities Class Action;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by and through their undersigned counsel, and subject to approval of the Court, as follows:

1. Defendants hereby accept service of the complaint filed in the Derivative Action.

2. This action (including any obligation to answer, move against, or otherwise respond to any complaint) is hereby stayed until thirty (30) days after the earlier of: (a) the denial

of any motion to dismiss filed in the Securities Class Action; (b) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto; (c) the public announcement of a settlement of the Securities Class Action; or (d) any party to this Stipulation gives a thirty (30) day written notice that they no longer consent to the stay of this action. Within 30 days of the occurrence of one or more of the events identified in (a)-(d) above, the parties shall meet and confer and file a proposed schedule with the Court.

3. During the pendency of the stay, Defendants shall promptly notify counsel representing the Plaintiff of any other shareholder derivative actions arising from substantially similar or the same facts as alleged in the Derivative Action ("Related Derivative Actions"). Defendants will promptly notify Plaintiff's counsel in the event any Related Derivative Action is not stayed on terms similar to the stay of this action. If a Related Derivative Action is not stayed for a similar or longer duration as the Derivative Action, Plaintiff shall have the option to terminate the stay by providing notice to counsel for Defendants via email, and the parties shall thereafter meet and confer and file a proposed schedule with the Court within fourteen (14) days thereafter.

4. During the pendency of the stay, Defendants shall make reasonable efforts to prevent the litigation of any subsequently filed Related Derivative Action from proceeding in advance of the Derivative Action.

5. This Order is without prejudice to the rights of any Defendant to raise any and all arguments or defenses that they or any of them may have, including, but not limited to, those relating to the forum, venue, or jurisdiction. The expiration or termination of the stay shall also be without prejudice to Defendants' ability to move the Court for a further stay of this Action, provided that Defendants shall not move to stay the Derivative Action on the grounds that a Related Derivative Action should proceed before the Derivative Action.

6. Notwithstanding this stay, Plaintiffs may file an amended and/or consolidated complaint; however, during the pendency of this stay, Defendants shall not be required to answer or otherwise respond to any complaint that is filed in or consolidated with the Derivative Action.

7. During the pendency of the stay, Defendants shall provide Plaintiff with

reasonable advance notice of any mediation and/or formal settlement discussions in the Securities Class Action and shall attempt in good faith to include Plaintiff in any such mediation and/or formal settlement discussions. In the event that Plaintiff is not included in any mediation and/or formal settlement discussions in the Securities Class Action, Defendants agree to participate in mediation and/or formal settlement discussions with Plaintiff as soon thereafter as is practicable.

8. Defendants further agree that they shall notify Plaintiff of any mediation and/or settlement discussions in any Related Derivative Action and to invite Plaintiffs to participate in any such mediation and/or formal settlement discussions.

9. Pursuant to Civil L.R. 16-2, the initial case management conference scheduled for July 28, 2026, along with any associated deadlines under the Federal Rules of Civil Procedure, Local Rules, and prior Orders in this Action, and all associated ADR Multi-Option Program deadlines, are hereby vacated.

10. By entering this Stipulation, the parties do not waive any rights not specifically addressed herein or to seek such other relief as may be appropriate as circumstances may develop or warrant in this or any related action, and expressly reserve all such rights.

IT IS SO STIPULATED.

Dated: April 27, 2026

*/s/ Christin Hill*

Jordan Eth
Christin Hill
Michael Komorowski
Christina E. Dierolf
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendants and Nominal Defendant*

Dated: April 27, 2026

*/s/ Betsy C. Manifold*
BETSY C. MANIFOLD

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

BERNSTEIN LIEBHARD LLP
Stanley D. Bernstein
Timothy J. MacFall
10 East 40th Street
New York, NY 10016
Tel.: 212-779-1414
Fax: 212-779-3218
Bernstein @bernlieb.com
TMacFall@bernlieb.com

## ECF ATTESTATION

I, Christin Hill, am the ECF User whose ID and password are being used to file this **STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION**. In accordance with Civil Local Rule 5-1, concurrence in the filing of this document has been obtained from each of the other signatories, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: April 27, 2026

*/s/ Christin Hill*
CHRISTIN HILL

**~~[PROPOSED]~~ ORDER**

**PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 29, 2026

Hon. Jon S. Tigar