Robert C. Moest, Of Counsel, SBN 62166
**THE BROWN LAW FIRM, P.C.**
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
Telephone: (310) 915-6628
Email: RMoest@gmail.com

*Counsel for Plaintiff Richard Strekal*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY DO, Derivatively on Behalf of Nominal Defendant VISTAGEN THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN K. SINGH, JON S. SAXE, MARGARET M. FITZPATRICK, ANN M. CUNNINGHAM, MARY L. ROTUNNO, JOANNE CURLEY, PAUL EDICK, JERRY B. GIN, and JOSHUA PRINCE,<br><br>Defendants,<br><br>and<br><br>VISTAGEN THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Case No. 3:26-cv-02656-RS<br><br>The Hon. Richard Seeborg<br><br>**STIPULATION FOR LIMITED LIFTING OF STAY, CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS** |

[Additional caption on following page]

| | |
|---|---|
| RICHARD STREKAL, derivatively on behalf of VISTAGEN THERAPEUTICS, INC.,<br>PLAINTIFF,<br>V.<br>SHAWN K. SINGH, JOSHUA PRINCE, ANN M. CUNNINGHAM, JOANNE CURLEY, MARGARET M. FITZPATRICK, JON S. SAXE, JERRY B. GIN, and MARY L. ROTUNNO,<br>Defendants,<br>and<br>VISTAGEN THERAPEUTICS, INC.,<br>Nominal Defendant. | Case No. 3:26-cv-04480-RS<br><br>The Hon. Richard Seeborg |

Plaintiffs in the above-captioned cases, Danny Do and Richard Strekal (together, "Plaintiffs"), defendants Shawn K. Singh, Joshua Prince, Ann M. Cunningham, Joanne Curley, Paul Edick, Margaret M. FitzPatrick, Jon S. Saxe, Jerry B. Gin, and Mary L. Rotunno (the "Individual Defendants"), and nominal defendant Vistagen Therapeutics, Inc. ("Vistagen" or the "Company" and, with the Individual Defendants, "Defendants," and with the Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on March 26, 2026, Plaintiff Danny Do filed a verified shareholder derivative complaint in this Court (the "*Do* Action") on behalf of Vistagen, against all of the Individual Defendants, asserting violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and waste of corporate assets;

WHEREAS, on April 27, 2026, Plaintiff Do and Defendants filed a

Stipulation and Proposed Order to stay the *Do* Action (the "Stay Stipulation") (*Do* Action, ECF No. 11);

WHEREAS, on April 29, the Court entered an order granting a stay of the *Do* Action pursuant to the terms of the Stay Stipulation (the "Stay Order") (*Do* Action, ECF No. 12);

WHEREAS, pursuant to the terms of the Stay Order, the *Do* Action is stayed "thirty (30) days after the earlier of: (a) the denial of any motion to dismiss filed in the Securities Class Action [*Eller v. Vistagen Therapeutics, Inc., et al.*, Civ. No. 3:26-00427-RS (N.D. Cal.)]; (b) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto; (c) the public announcement of a settlement of the Securities Class Action; or (d) any party to this Stipulation gives a thirty (30) day written notice that they no longer consent to the stay of this action." (*Do* Action, ECF Nos. 11, 12);

WHEREAS, on May 14, 2026, Plaintiff Richard Strekal filed a verified shareholder derivative complaint in this Court (the "*Strekal* Action" and, with the *Do* Action, the "Related Derivative Actions"), on behalf of Vistagen, against the Individual Defendants, except Paul Edick, for violations of Section 14(a) of the Exchange Act, breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and against Defendants Singh and Prince for contribution under Sections 10(b) and 21D of the Exchange Act for alleged misconduct that substantially overlaps with the alleged misconduct in the *Do* Action;

WHEREAS, the Parties agree that the stay in the *Do* Action should be temporarily lifted for the sole and limited purpose of facilitating the consolidation of the Related Derivative Actions and the appointment of leadership for plaintiffs and then staying the consolidated action;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties therefore respectfully submit that consolidation of the Related Derivative Actions under Fed. R. Civ. P. 42(a) is appropriate;

WHEREAS, to avoid potentially duplicative actions and waste of the Court's and the Parties' resources, the Parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No. 3:26-cv-02656-RS (hereinafter referred to as the "Consolidated Derivative Action");

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Bernstein Liebhard LLP and The Brown Law Firm, P.C.[1] shall be designated as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action;

WHEREAS, the Parties agree that, after the Related Derivative Actions are consolidated and leadership for plaintiffs has been appointed, the Consolidated Action shall be stayed pursuant to the same terms and for the same duration as set forth in the Stay Order in the *Do* Action (*see Do* Action, ECF No. 12);

WHEREAS, Defendants take no position regarding appointment of Co-Lead

[1] Attached hereto as Exhibits A and B are the firm resumes of Bernstein Liebhard LLP and The Brown Law Firm, P.C., respectively.

Counsel for plaintiffs;

THEREFORE, the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The stay in the *Do* Action is temporarily lifted for the sole and limited purpose of permitting the Parties to file, and the Court to rule on, this stipulation.

2. The undersigned counsel for Defendants hereby accepts service of the complaints in the Related Derivative Actions on behalf of all Defendants who have not been previously served.

3. The Related Derivative Actions shall be consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:26-cv-02656-RS. Every pleading in the Consolidated Derivative Action shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE VISTAGEN THERAPEUTICS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:26-cv-02656-RS |
| This Document Relates to: ALL ACTIONS | (Consolidated) |

4. All papers filed in the Consolidated Derivative Action will be maintained in one file under Case No. 3:26-cv-02656-RS. All documents previously filed and/or served in the Related Derivative Actions shall be deemed part of the

record in the Consolidated Derivative Action.

5. Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action shall be:

**BERNSTEIN LIEBHARD LLP**
Timothy J. MacFall
10 East 40th Street
New York, NY 10016
Tel. (212) 779-1414
Fax. (212) 779-3218
Email: TMacFall@bernlieb.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
1350 Avenue of the Americas, Suite 1200
New York, NY 10019
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

6. Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

9. This Order shall apply to each related purported shareholder derivative

action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Vistagen Therapeutics, Inc. Stockholder Derivative Litigation*, Case No. 3:26-cv-02656-RS, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Vistagen Therapeutics, Inc. Stockholder Derivative Litigation*, Case No. 3:26-cv-02656-RS, and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving Vistagen filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated into the Consolidated Derivative Action.

10. All proceedings in the Consolidated Action, including all deadlines, hearings, and conferences, shall be stayed according to the terms, and during the pendency, of the Stay Order in the *Do* Action (*Do* Action, ECF No. 12), and the Stay Order entered in the *Do* Action applies in all respects to the Consolidated Action.

11. The Parties are not waiving any rights, claims, arguments or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, arguments, or defenses.

**IT IS SO STIPULATED.**

DATED: July 13, 2026

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/Betsy C. Manifold*_________

Betsy C. Manifold (182450)
Rachele R. Byrd (190634)
Stephanie Aviles (350289)
750 B Street, Suite 1820
San Diego, CA 92101
Tel. (619) 239-4599
Fax. (619) 234-4599
Email: manifold@whafh.com
Email: byrd@whafh.com
Email: saviles@whafh.com

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Timothy J. MacFall
10 East 40th Street
New York, NY 10016
Tel. (212) 779-1414
Fax. (212) 779-3218
Email: Bernstein@bernlieb.com
Email: TMacFall@bernlieb.com

*Counsel for Plaintiff Danny Do and [Proposed] Co-Lead Counsel for Plaintiffs*

DATED: July 13, 2026

**THE BROWN LAW FIRM, P.C.**

By: */s/Robert C. Moest*_____________

Robert C. Moest, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Tel. (310) 915-6628

Email: RMoest@gmail.com

Timothy Brown
1350 Avenue of the Americas, Suite 1350
New York, NY 10019
Tel. (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Richard Strekal and Proposed Co-Lead Counsel for Plaintiffs*

DATED: July 13, 2026

**MORRISON & FOERSTER LLP**

By: /s/Christin Hill

Jordan Eth (CA SBN 121617)
Christin Hill (CA SBN 247522)
Michael Komorowski (CA SBN 323517)
Christina E. Dierolf (CA SBN 335258)
425 Market Street
San Francisco, CA 94105-2482
Tel.: (415) 268-7000
Fax: (415) 268-7522
JEth@mofo.com
CHill@mofo.com
MKomorowski@mofo.com
CDierolf@mofo.com

*Counsel for Defendants and Nominal Defendant*

* * *

**~~[PROPOSED]~~ ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED: July 30, 2026

Hon. Richard Seeborg
United States District Judge